**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LEECE–NEVILLE COMPANY, Respondent.**

No. 25098.

United States Court of Appeals Fifth Circuit.

June 17, 1968.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Abigail C. Baskir, Atty., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Michael N. Sohn, Atty., N. L. R. B., Washington, D. C., for petitioner.

George K. McPherson, Jr., William T. Wood, Jr., Smith, Currie & Hancock, Atlanta, Ga., for respondent.

Before BROWN, Chief Judge, BELL, Circuit Judge, and HOOPER, District Judge.

GRIFFIN B. BELL, Circuit Judge:

The Labor Board petitions to enforce its order. The portion of the order resting on violations of § 8(a) (1) of the National Labor Relations Act, 29 U.S. C.A. § 158(a) (1), is not contested. On the other hand, that part of the order relating to the discharge of employee Poole, allegedly in violation of § 8(a) (3) and (1) of the Act, 29 U.S.C.A. § 158(a) (3) and (1), is vigorously assailed.

The discharge arose in these circumstances. The plant manager, exercising the right of management under § 8(c) of the Act, 29 U.S.C.A. § 158(c), was addressing the employees during a union organizing campaign by the use of a written speech. He was expressing the opposition of management to the union. When he finished speaking, Poole walked up to the plant manager and stated that he was one hundred per cent for the union, that the union was coming in, that it was coming in if he had to bring it in himself and even if everyone else fell out. He indicated that what the manager had said was proper but admonished the manager not to make threats.

Respondent concedes that Poole's conduct to this extent was proper. Its position is, however, that Poole went too far when he pounded the desk in front of the manager with his fist two or three times as he was making the statement and shook his finger in the manager's face. Some of the employees present applauded Poole while others wept. Poole was valedictorian of his high school class,

a former Sunday school superintendent and at the time a lay minister. The testimony of Respondent's witnesses was that the manager recoiled in the face of Poole's advance, described as an "angry advance" on the manager with intent to do bodily harm. Poole was fired in a matter of a few minutes for insubordination.

The Board, affirming the Trial Examiner, found that Poole was discharged because of the statement made in support of the union and not for insubordination. The Board found it unnecessary to reach the Trial Examiner's further conclusion that Poole's discharge, even if Poole had been insubordinate, was, nevertheless, unlawful. We agree with the Board and go no further than the order of the Board. Poole was not denied permission to speak. His short remarks were directed to the plant manager although the employees could hear them. The record makes out nothing more than a rather heated response between protagonists in the heat of a union campaign. We do not find support in the record for upsetting the line drawn in this instance by the Board between protected union activity and improper employee conduct violative of shop discipline and order. Cf. NLRB v. Thor Power Tool Company, 7 Cir., 1965, 351 F.2d 584, 587.

The facts of this case are somewhat comparable to those presented in Boaz Spinning Company v. NLRB, 5 Cir., 1968, 395 F.2d 512, where we reached an opposite result. There the Trial Examiner found that the employee upset the balance which must be maintained between protected union activity in an organizing campaign and shop discipline, and held that the activity in question was not protected by the Act. The Board reversed, concluding that the activity was protected and ordered reinstatement. We refused to enforce.

In that case the plant manager was making a speech to the employees against the union. He announced in advance that the employees could not make speeches in response but that he would attempt to answer questions. He finished speaking and one of the employees then announced that he was one hundred per cent for the union and requested that the manager tell the workers what the union could do for them inasmuch as he had stated what the union could not do. The manager told the employee to sit down until he had finished; that the employee could not have the floor. The employee responded by saying, "I want you to know that you are no different than Castro; Castro told the people in his country if they did not like the way he was running it to pack up and leave and you tell people at Boaz Spinning Company if they do not like the way you are running the plant to punch out and go home." The employee was immediately discharged for insubordination.

The Boaz case is distinguishable from the instant case for three reasons. One, the court there found that the employee violated the ground rule that there could be no speeches by employees in response to the manager's speech. Two, the language used was intemperate, the manager having testified that he was greatly offended by the comparison to Castro particularly in view of the fact that he had a son en route to Vietnam as a member of the armed forces. The court found this to constitute invective. Three, the Trial Examiner ruled in favor of employer and the court gave some weight to his ruling in view of the superior opportunity which the Examiner had over the Board for evaluating whether the "Castro" remark was a calculated act of insubordination going beyond the pale. See NLRB v. R. C. Can Company, 5 Cir., 1965, 340 F.2d 433, 435–436. Here the Trial Examiner ruled for the employee and thus his finding supports the Board's conclusion. We hold that Boaz is distinguishable and not controlling. Each case of this type must be decided on its own distinctive facts; this is all the more true where the balance between employer and employee rights under our national labor policy is in issue.

The order is supported by the record; the petition to enforce is granted.